# Law Office of Andrew C. Laufer, PLLC

**264 West 40th Street, Suite 604**
**New York, NY 10018**
(212) 422-1020 - phone
(212) 422-1069 - facsimile
E-Mail: alaufer@lauferlawgroup.com

March 31, 2022

Via ECF
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street. Room 701
New York, New York 10007

      Re:    Cohen v. United States of America, et al 21 cv 10774 (LJL) (GWG)

Dear Honorable Judge Liman:

Our office and the Law Office of Jeffrey K. Levine represents the Plaintiff in the referenced matter.  This letter is submitted in opposition to defendants anticipated application to the Court for a stay of discovery during the pendency of their Motions to Dismiss.

Your affirmant has communicated with counsel for former President Trump and the remaining parties represented by the Department of Justice who stated they intend to file motions to dismiss, presumably pursuant to FRCP 12(b)(6), on April 4th, 2022.  Defense counsel also expressed a preference that all discovery be stayed during the pendency of their motions.  Plaintiff will not consent to this proposed stay.

On numerous occasions, the Court has held that a motion to dismiss does not automatically stay discovery.

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Courts do not routinely stay discovery "simply on the basis that a motion to dismiss has been filed." Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); Mirra v. Jordan, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted). On a showing of good cause, a district court "has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc., No. 9 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Shulman v. Becker & Poliakoff, LLP, No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018); Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); In re: Platinum & Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010).

Courts look to three factors in determining whether good cause exists to stay discovery pending a motion to dismiss: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Guiffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). See also Krischner v. JP Morgan Chase, et al 2020 WL 230183.

At this juncture, it is unclear whether defendants intend to seek dismissal of all claims. Considering the facts surrounding this matter and prior ruling issued by the Honorable Alvin K. Hellerstein, it is clear that several claims will survive attempts at dismissal.

Plaintiff respectfully requests the Court direct the parties to engage in, at a minimum, limited discovery pursuant to FRCP 26(f).

Thank you for your time and attention to this matter.

Respectfully submitted,

Andrew C. Laufer

Enc.:
ACL/el
Cc:
    Alison Rovner, Esq. – Via ECF
    Alina Habba, Esq. – Via ECF