# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X
ROBERT S. TRUMP,

                        Plaintiff,

-against-

MARY L. TRUMP and SIMON & SCHUSTER, INC.

                        Defendants,
------------------------------------------------------------X

Index No.
Date Purchased & Filed

Plaintiff designates
Dutchess County as place of
Trial

The basis of venue is
Plaintiff's residence

Plaintiff resides at
███████████

# SUMMONS

To the above named Defendant(s)

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Great Neck, New York
       June 25, 2020

*[signature]*

Charles J. Harder, Esq.
HARDER LLP
Attorneys for plaintiff
100 Park Avenue, 16th Floor
New York, N.Y. 10017

William G. Sayegh, Esq.
THE LAW FIRM OF WILLIAM SAYEGH, P.C.
65 Gleneida Avenue
Carmel, New York
(845) 228-4200

Defendants' addresses:
Mary L. Trump
33 Capitolian Blvd.
Rockville Centre, NY 11570

Simon & Schuster, Inc.
51 West 52nd Street
New York, NY 10019

**NOTICE:** The nature of this action is breach of contract. The relief sought is a permanent injunction and damages to proof.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------x
ROBERT S. TRUMP,

           Plaintiff,

    v.

MARY L. TRUMP, and SIMON & SCHUSTER, INC.

           Defendants.

------------------------------------x

Index No.

**VERIFIED COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF DUTCHESS:

    Plaintiff, through his attorneys named herein, complaining of the defendants, herein alleges:

1. Plaintiff Robert S. Trump is the son of the late Frederick Christ Trump ("Fred Trump"), and Defendant Mary L. Trump is Fred Trump's granddaughter.

2. Fred Trump died in 1999, and his surviving spouse, Mary Anne, died in 2000.

3. There was ensuing litigation among some of the Trumps' surviving children and grandchildren, including litigation in the Queens County Surrogate's Court (*Will of Fred C. Trump*, No. 3949/1999), and litigation in Nassau County Supreme Court (*Trump v. Trump*, No. 6795/2000). On April 10, 2001, seven of the Trumps' surviving relatives decided to put an end to the litigation and enter into a settlement agreement ("Settlement Agreement").

4. A material element of the Settlement Agreement was a mutual confidentiality provision providing that the parties who had objected to Fred Trump's will, including Mary Trump (collectively, the "Objectors"), and the proponents of Fred Trump's will, Plaintiff Robert S. Trump, his brother, the President of the United States Donald J. Trump and their sister, Judge

Maryanne Trump Barry (collectively the "Proponents"), would not publish any account concerning the litigation or their relationship with each other. The only exception to Mary L. Trump's promise of confidentiality is if all of the Proponents consented to the publication.

5. Confidentiality was at the essence of the Settlement Agreement. The decedent, Fred Trump, had been a famous figure in New York real estate. Fred's son Donald also had become a famous real estate developer. Another party to the Settlement Agreement, Fred's daughter, Judge Barry, was a judge of the United States Court of Appeals for the Third Circuit. The court cases involving Fred Trump's will had received extensive publicity and the family made a decision collectively to enter into an agreement that would maintain the confidentiality of the family's private matters.

6. As part of the confidentiality stipulation, each party agreed that violations of the confidentiality clause in the Settlement Agreement would be material, that there was no adequate remedy at law and that the non-breaching parties would be entitled to injunctive relief in any court of competent jurisdiction.

7. On or about June 15, 2020, Mary L. Trump announced the publication of a new book, entitled *Too Much and Never Enough: How My Family Created the World's Most Dangerous Man* (the "Book"). The Book is scheduled for release on July 28, 2020. Petitioner has not yet seen the contents of the Book, however, in publicity for the Book, the publisher and/or Mary L. Trump has stated that a major topic of the Book will be her relationship with the Proponents. This topic is expressly prohibited under the Settlement Agreement and Petitioner Robert S. Trump never consented to the publication of the Book.

8. Under the terms of the Settlement Agreement, Robert S. Trump is entitled to an injunction prohibiting Mary L. Trump from publishing any account of her relationship with any of the Proponents.

## THE PARTIES

9. Petitioner Robert S. Trump is an individual residing in Dutchess County, New York. He is the son of Fred Trump and is one of the Proponents under the Settlement Agreement.

10. Mary L. Trump is an individual residing in Nassau County, New York. She is the granddaughter of Fred Trump and is one of the Objectors under the Settlement Agreement.

11. On information and belief, Simon & Schuster, Inc. is a corporation organized under the laws of New York and with its principal place of business in County and State of New York. On information and belief, Simon & Schuster, Inc. intends to act on Mary L. Trump behalf in causing the publication to the world of her statements, made in violation of the Settlement Agreement, in the Book.

## STATEMENT OF FACTS

12. Fred Trump died on June 25, 1999. He was domiciled in Queens County at the time of his death.

13. Mary Anne Trump, Fred Trump's surviving spouse, died on August 7, 2000.

14. The Proponents, including Petitioner, propounded Fred Trump's and Mary Anne Trump's wills for probate in Queen's County Surrogate's Court.

15. Mary L. Trump, along with Fred C. Trump III, submitted objections to the wills of Fred and Mary Anne Trump in Nassau County Supreme Court, and along with other members of the family, also filed suit in this Court against Fred Trump's estate.

16. Discovery was conducted in the will contest proceedings pursuant to SCPA § 1404. There was also extensive and costly discovery and motion practice in the Nassau County civil action.

17. On April 10, 2001, the Proponents, including Petitioner Robert L. Trump and the objecting parties, including Mary L. Trump, entered into a global Settlement Agreement settling all of the then-pending legal actions among them.

18. The Settlement Agreement provides that "WHEREAS, the parties hereto wish to avoid the uncertainty, further expense and delay incident to protracted litigation and believe it is in the best interest of all concerned that the controversies raised by these proceedings be compromised and settled, on a 'global basis' in order to resolve all their differences".

19. The parties to the Settlement Agreement agreed to join in a motion to seal the court records in the court cases they were settling.

20. In the Settlement Agreement, Mary L. Trump agreed to not "directly or indirectly publish or cause to be published any diary, memoir, letter, story, photograph, interview, article, essay, account, or description or depiction of any kind whatsoever, whether fictionalized or not, concerning their litigation or relationship with the [Proponents]... or assist or provide information to others in connection therewith". The only exception to this obligation is if consents are obtained from all of the Proponents: Petitioner Robert S. Trump, Maryanne Trump Barry and Donald Trump, as well as officers and directors of two companies named in the Settlement Agreement.

21. The Settlement Agreement continues: "As used in the preceding sentence, the terms 'publish' and 'publication' shall be deemed to include the presentation or reproduction of written, verbal or visual material in any communication medium, including, without limitation, books...."

22. The Settlement Agreement continues: "Any violation of the terms of this [confidentiality clause] shall constitute a material breach of this agreement."

23. The Settlement Agreement continues: "In the event such breach occurs, [Objectors, including Mary Trump], as well as their 'counsel', hereby consent to the granting of a temporary or permanent injunction against them (or against any agent acting in their behalf) by any court of competent jurisdiction prohibiting them (or their agent) from violating the terms of this Paragraph."

24. The Settlement Agreement continues: "In any proceeding for any injunction and upon any motion for a temporary or permanent injunction, [Objectors] and their 'counsel' agree that their ability to answer in damages shall not be a bar or imposed as a defense to the granting of such temporary or permanent injunction. [Objectors] and their 'counsel' further agree that [Proponents] will not have an adequate remedy at law in the event of any breach by [Objectors] hereunder and [Proponents] will suffer irreparable damage and injury in event of any such breach."

25. Mary L. Trump received good and valuable and adequate consideration for entering into the Settlement Agreement, including a substantial financial settlement, mutual releases, and a confidentiality stipulation to her benefit.

26. On information and belief, Simon & Schuster, Inc. announced the imminent publication of the Book for the first time in an exclusive article in The Daily Beast published on or about June 15, 2020.

27. On information and belief, Simon & Schuster, Inc. originally announced an August 11, 2020 release date, and has moved that date up to July 28, 2020.

28. Robert S. Trump does not yet know the exact content of the Book. However, Mary L. Trump and Simon & Schuster, Inc. have described the Book to various journalistic outlets as

well as booksellers such as Amazon.com as containing an "insider's perspective" of "countless holiday meals", "family interactions" and "family events". These descriptions make clear that the Book will contain confidential information about Mary L. Trump's relationship with Proponents together with the entire Trump family. This information includes:

    a.    Information about how Mary L. Trump provided the family's confidential tax returns to the New York Times

    b.    Insight into the supposed "inner workings" of the Trump family;

    c.    Allegations that the late Fred Trump and the President neglected Mary's father, Fred Trump Jr., supposedly contributing to his early death; and

    d.    Mary Trump's personal observations, allegedly informed by her training as a psychologist, about her supposedly "toxic" family.

29. Robert S. Trump has never consented to the publication of the Book. On information and belief, neither have any of the other Proponents.

30. Robert S. Trump originally petitioned the Surrogate's Court in Queens County for relief, consistent with a term of the Settlement Agreement reserving jurisdiction over certain matters related to the Settlement Agreement. That Court ruled that it did not have jurisdiction over these claims, referring to the provisions of the Settlement Agreement that "any court of competent jurisdiction" could hear these claims. A true copy of the Court's Order is attached hereto as **Exhibit A**. Accordingly, Robert S. Trump has refiled here.

**FIRST CAUSE OF ACTION**
**(Specific Performance Against All Defendants)**

31. Robert S. Trump incorporates by this reference the allegations in Paragraphs 1 through 30 as though fully set forth herein.

{00109237;10}

6

32. The Settlement Agreement is a valid and subsisting agreement between Robert S. Trump and Mary L. Trump.

33. Robert S. Trump has performed all relevant provisions of the Settlement Agreement or has been excused to do so, and stands ready and willing to continue to perform his obligations thereunder unless excused from doing so.

34. It is within Mary L. Trump's power to perform her obligations under the Settlement Agreement by refraining to publish a book containing descriptions or accounts of her relationship with any of the Proponents, without obtaining consent from each of them, including Robert Trump.

35. Mary L. Trump has stipulated that there is no adequate remedy at law available that will fully remedy the disclosures she is proposing to make.

36. Simon & Schuster is acting at Mary L. Trump's direction in publishing the book on her behalf, and is acting in concert with Mary L. Trump.

## SECOND CAUSE OF ACTION
### (Breach of Contract Against Mary L. Trump)

37. Robert S. Trump incorporates by this reference the allegations in Paragraphs 1 through 30 as though fully set forth herein.

38. The Settlement Agreement is a valid and subsisting contract.

39. Mary S. Trump's announcement, through Simon & Schuster, of the publication of the Book is an anticipatory breach of the Settlement Agreement.

40. Mary S. Trump's disclosure of accounts and descriptions of her relationship with Robert, made in the process of writing the Book and offering it for publication, breached the Settlement Agreement.

41. Robert S. Trump has been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment Against Mary L. Trump)

42. Robert S. Trump incorporates by this reference the allegations in Paragraphs 1 through 30 as though fully set forth herein.

43. There is an actual, justiciable controversy between Robert S. and Mary L. Trump regarding whether the publication of the Book violates Mary L. Trump's obligations under the Settlement Agreement.

44. Robert S. Trump is entitled to a declaration that Mary L. Trump's statements in the Book violate her obligations under the Settlement Agreement.

WHEREFORE, Petitioner Robert S. Trump prays for a final judgment:

a. permanently enjoining and barring Mary L. Trump and Simon & Schuster, Inc., together with anyone acting in concert with them or on their behalf, from publishing or causing to be published any book, diary, memoir, story, interview, description or other account of Mary L. Trump's relationship with any of the Proponents to the extent prohibited under the terms of the Settlement Agreement;

b. Damages according to proof;

c. A judicial declaration that Mary L. Trump's statements in the Book violate her obligations under the Settlement Agreement;

d. Costs of suit; and

e. Such other and further relief as the Court may deem proper.

Dated: New York, New York
June 25, 2020

HARDER LLP

By: _____
Charles J. Harder, Esq.
100 Park Avenue, Sixteenth Floor
New York, New York 10017
(212) 799-1400
CHarder@HarderLLP.com

{00109237;10}

8

*[signature]*

William G. Sayegh, Esq.
THE LAW FIRM OF WILLIAM G.
SAYEGH, P.C.
65 Gleneida Avenue
Carmel, New York
(845) 228-4200
WGS@sayeghlaw.com

*Attorneys for Plaintiff*

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF DUTCHESS )

ROBERT S. TRUMP, being duly sworn, depose and say: Deponent is the plaintiff in the within action. Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes to be true.

*Robert S. Trump*

**ROBERT S. TRUMP**

Sworn to me this 26th day
of June, 2020.

*Notary Public*

```
Jaimie Davis
NOTARY PUBLIC, STATE OF NEW YORK
NO.01H0622777
QUALIFIED IN DUTCHESS COUNTY
MY COMMISSION EXPIRES MAY 21, 2022
```