**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL D. COHEN, | Civil Action No.: 1:21-cv-10774-LJL |
| *Plaintiff,* | |
| v. | |
| UNITED STATES OF AMERICA, *et. al.,* | |
| *Defendants.* | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
        -and-
112 West 34th St, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

*Attorneys for Defendant, Donald J. Trump,*
*former President of the United States*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 1

I.     DISCOVERY MUST BE STAYED PENDING RESOLUTION OF DEFENDANT'S ABSOLUTE IMMUNITY DEFENSE ................................................................... 1

II.    DISCRETIONARY STAY IS WARRANTED UNDER FRCP 26 ............................. 3

A.  Defendant's Motion to Dismiss Has a Significant Likelihood of Success. ............ 3

B.  The Burden of Unnecessary Discovery Outweighs Any Prejudice from Awaiting Adjudication of the Motion .................................................................... 6

III.   AN INTERIM STAY OF DISCOVERY IS WARRANTED ...................................... 8

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

*Cases*

*Accord Cox v. City of New Rochelle,*
    No. 17 Civ. 8193 (KMK) 2019 WL 3778735, at *10 (S.D.N.Y. Aug. 12, 2019) ..............4

*Anti-Monopoly, Inc. v. Hasbro, Inc.,*
    No. 94-Civ.-2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) ................................2

*Behrens v. Pelletier,*
    516 U.S. 299, 308, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) .............................................3

*Chrysler Capital Corp. v. Century Power Corp.,*
    137 F.R.D. at 211 .................................................................................................................5

*Harlow v. Fitzgerald,*
    457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ............................................3

*Hong LeongFin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,*
    297 F.R.D. 69, 72 (S.D.N.Y. 2013) ...................................................................................1

*Hunter v. Bryant,*
    502 U.S. 224, 227 (1991) ....................................................................................................3

*Ashcroft v. Iqbal,*
    556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009) ..............................................................3

*In re Currency Conversion Fee Antitrust Litig.,*
    2002 WL 88278, at *2 .........................................................................................................3

*In re Currency Conversion Fee Antitrust Litig.,*
    No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ......................................4

*In re Term Commodities Cotton Futures Litig.,*
    No. 12-CV-5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) .................................2

*Johnson v. N.Y. Univ. Sch. Of Educ.,*
    205 F.R.D. 433, 434 (S.D.N.Y. 2002) ................................................................................2

*Mitchell v. Forsyth,*
    472 U.S. 511, 525, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) ........................................3, 4

*Nixon v. Fitzgerald,*
    457 U.S. 731 (1982).............................................................................................................5

*Picture Patents, LLC v. Terra Holdings LLC*,
    No. 07-cv-5465, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) ................................2

*Siegert v. Gilley*,
    500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)..........................................3

*Spencer Trask Software & Info. Servs., LLC v. R Post Int'l Ltd.*,
    206 F.R.D. 367, 368 (S.D.N.Y. 2002) ...............................................................................3

*Spinelli v. Nat'l Football League*,
    No. 13 CIV. 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, 2015 WL 7302266, at *2
    (S.D.N.Y. Nov. 17, 2015) ...................................................................................................5

*Steuben Foods*,
    2009 WL 3191464, at *3 .....................................................................................................2

*Transunion Corp. v. Pepsi Co, Inc.*,
    811 F.2d 127, 130 (2d Cir. 1987).........................................................................................5

*United States v. Colbert*,
    No. 87 Civ. 4789 (MGC), 1991 WL 183376, at *4 (S.D.N.Y. Sept. 11, 1991) .................4

**Rules and Statutes**

Fed. R. Civ. P. 26(c) ...........................................................................................................4, 7

Defendant, Donald J. Trump, former President of the United States ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in support of his motion to stay discovery pending this Court's ruling on Defendant's motion to dismiss filed on April 4, 2022 (ECF No. 41) (the "Motion to Dismiss").

## PRELIMINARY STATEMENT

Pursuant to the instant application, Defendant seeks a stay of discovery pending resolution of his pending Motion to Dismiss. As fully set forth in Defendant's papers in support of that motion, the claims asserted by the plaintiff, Michael D. Cohen ("Plaintiff") against Defendant are wholly barred by the doctrine of absolute immunity and, even if they were not, Plaintiff has failed to plead a single cognizable cause of action against Defendant. In short, the Complaint is frivolous and ripe for dismissal as a matter of law. Therefore, for the reasons set forth herein, a stay of discovery pending resolution of the Motion to Dismiss is warranted, necessary, and appropriate at this time.

## ARGUMENT

### I. DISCOVERY MUST BE STAYED PENDING RESOLUTION OF DEFENDANT'S ABSOLUTE IMMUNITY DEFENSE

"The purpose of conferring absolute immunity is to protect officials not only from ultimate liability but also from all the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007); *see also Mitchell v. Forsyth*, 472 U.S. 511, 525 ("[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."). Assertions of immunity provide protection "not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (interior quotation marks and citation omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic

thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.")(interior quotation marks and citation omitted). Immunity provisions, whether absolute or qualified, serve to spare officials from unwarranted liability as well as "demands customarily imposed upon those defending a long drawn-out lawsuit," and are "effectively lost if a case is erroneously permitted to go to trial." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting in part *Mitchell*, 472 U.S. at 525).

It follows that "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In other words, "[w]here a defense of absolute immunity applies, a defendant is entitled to dismissal before discovery." *United States v. Colbert*, No. 87 Civ. 4789 (MGC), 1991 WL 183376, at *4 (S.D.N.Y. Sept. 11, 1991); *see also Cox v. City of New Rochelle*, No. 17 Civ. 8193 (KMK) 2019 WL 3778735, at *10 (S.D.N.Y. Aug. 12, 2019) ("District courts are encouraged to determine the availability of an absolute immunity defense at the earliest appropriate stage, and preferably before discovery because an absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.") (citing *Deronette v. City of New York*, No. 05-CV-5275, 2007 WL 951925, at *4 (E.D.N.Y. Mar. 27, 2007)).

Here, Defendant has raised the defense of absolute immunity since the Complaint seeks to impose liability for conduct Defendant is alleged to have undertaken while he was a sitting President. It is well established that absolute immunity is "a functionally mandated incident of the President's unique office, rooted in the constitutional tradition of the separation of powers and supported by our history." *Id*. at 749.  Further, since the conduct alleged in the Complaint falls

well within the purview of Defendant's official acts as President—as evidenced by the fact that the sole cause of action against him is a *Bivens* claim—Defendant is entitled to the defense of absolute immunity. *See id.* ("[A] former President of the United States is entitled to absolute immunity from damages liability predicated on his official acts.").

Therefore, discovery proceedings must be stayed until the Court has resolved the threshold issue of whether absolute immunity applies.

## II.   A DISCRETIONARY STAY IS WARRANTED UNDER FRCP 26

In addition to being necessary to resolve the issue of absolute immunity, a stay is also warranted under Fed. R. Civ. P. 26(c). Pursuant to Fed. R. Civ. P. 26(c), the Court "has considerable discretion to stay discovery" pending decision on a motion to dismiss where the party seeking the stay shows good cause for doing so. *Hong LeongFin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted). In determining whether to grant a stay, courts will typically look towards "the strength of the motion," as well as "the breadth of discovery sought [and] any prejudice that would result." *Id.* (citation omitted).

### A.   Defendant's Motion to Dismiss Has a Significant Likelihood of Success

It is well established that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). Stated differently, "a plausible claim must come before discovery, not the other way around." *Angiulo v. Cnty. of Westchester*, No. 11-cv-7823 (CS), 2012 WL 5278523, at *3 n.4 (S.D.N.Y. Oct. 25, 2012); *see also Techreserves Inc. v. Delta Controls, Inc*., No. 13-cv-752 (GBD), 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014)

("As Plaintiff has not pleaded facts sufficient to render the conclusory allegations . . . plausible, it is not entitled to engage in discovery in order to determine whether it can state a plausible claim.");

Where, as here, the same Court that is deciding the motion to stay is also deciding the motion to dismiss, the primary consideration in whether to grant a discretionary stay is the strength of the dispositive motion. *See In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013). Whether a dispositive motion is pending is a critical part of the good-cause determination because "the adjudication of such a motion may obviate the need for burdensome discovery." *Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). When a dispositive motion is pending, "courts examine … the strength of the dispositive motion." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-Civ.-2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996). A finding that the pending dispositive motion "appears to have substantial grounds" or "does not appear to be without foundation in law" establishes good cause for a discovery stay. *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks omitted).

This standard does not require the Court to be fully persuaded of the merits of the motion before granting a stay. Even if the "[c]ourt cannot . . . predict the outcome of the motion to dismiss" at this juncture, a stay is appropriate as long as the Court finds that Defendants at least "appear[s] to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Spencer Trask Software & Info. Servs., LLC v. R Post Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

In the instant action, Defendant's Motion to Dismiss easily clears this threshold and presents several "substantial grounds" for the outright dismissal of Plaintiff's Complaint. A stay is particularly appropriate where, as here, the motion seeks dismissal based "on pure questions of

law," and not "simply on the sufficiency of the facts alleged." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2.

**First**, Defendant successfully argues that the President of the United States is entitled to absolute immunity from actions purportedly taken "within the scope of his lawful authority." *Nixon v. Fitzgerald*, 457 U.S. 731 (1982). Plaintiff has freely admitted that Defendant was President at all relevant times referenced in the Complaint and he expressly pleads that Defendant's alleged conduct was undertaken "*within the course and scope of [his] employment and under the color of law.*" Plaintiff's Complaint, ¶ 47 (emphasis added). As such, there is no question that these alleged actions are covered by the doctrine of absolutely immunity and that Defendant must be dismissed from this action as a matter of law. *See Imbler*, 424 U.S. at 419 n.13 ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.).

**Second**, assuming *arguendo* that Defendant was not acting within the scope of his lawful authority, Plaintiff's claims would fail all the same. Even if Defendant's alleged conduct is construed as being performed outside of his official capacity, then these acts would be strictly private in nature and thereby fall outside the purview of conduct actionable under *Bivens*. *See Screws v. United States*, 325 U.S. 91, 111 (1945) (noting that "acts of officers in the ambit of their personal pursuits" do not qualify as acts committed "under the color of law.").

**Third**, notwithstanding these unavoidable threshold defenses, Plaintiff fails to state a cognizable claim against Defendant as he fails to identify a single act purportedly taken by Defendant that could sufficiently be construed as a violation of his constitutional rights. The full extent of Plaintiff's allegations against Defendant are that he "issued specific directives and guidance to his co-defendants that governed the treatment of [P]laintiff" and that "at [Defendant's]

5

direction, [P]laintiff was remanded back to prison and subject to great indignities when he was unlawfully incarcerated and held in solitary confinement." Compl. ¶ 36.   This allegation is impermissibly vague and conclusory and lacks any relevant factual support. *See Ashcroft*, 585 F.3d at 569 ("Broad allegations of conspiracy are insufficient; the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."); *see also*, *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" will not survive dismissal.")   Even viewed in a light most favorable to Plaintiff, there is simply no factual basis to support his claim that Defendant violated his constitutional rights.

In sum, Defendant has advanced substantial grounds for dismissal of the entire Complaint, each of which is well-founded in law. Accordingly, discovery should be stayed until the Motion to Dismiss has been resolved, which will likely obviate the need for discovery in its entirely.

**B.  *The Burden of Unnecessary Discovery Outweighs Any Prejudice from Awaiting Adjudication of the Motion***

Even setting aside the strength of Defendants' Motion to Dismiss, a stay of discovery is warranted because "the breadth of discovery [sought] and the burden of responding to it" outweigh the possibility of "unfair prejudice to the party opposing the stay." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see also*, (granting a motion to stay "burdensome" discovery "consist[ing] of an extensive set of interrogatories … that asks for information covering a span of more than five years" pending the resolution of a motion to dismiss.); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (delaying "the commencement of discovery for only a few months . . . will . . . not prejudice the Plaintiff to any degree").

6

Likewise, here, the requested production would likely be burdensome, and Plaintiff identifies no prejudice he would suffer from awaiting this Court's adjudication of the motion to dismiss. Defendant has honored, and will continue to honor, his preservation obligations. *See Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. at 211 ("Plaintiffs do not demonstrate extraordinary prejudice to them. Plaintiffs will not be damaged by the grant of a stay of discovery until the motions to dismiss are decided.") (citing *Transunion Corp. v. Pepsi Co, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (district court has discretion to halt discovery pending its decision on motion to dismiss); *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (finding a delay in discovery without more does not amount to unfair prejudice).

Indeed, "allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (alteration and quotation omitted); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim.").

Based on the foregoing, Plaintiff will not suffer any prejudice from a stay of discovery pending resolution of the Motion to Dismiss and, therefore, a discretionary stay is warranted under Fed. R. Civ. P. 26(c).

### III.    <u>AN INTERIM STAY OF DISCOVERY IS WARRANTED</u>

Defendant also respectfully requests an interim stay of discovery pending the Court's decision on the instant motion to stay. An interim stay is warranted for the same reasons outlined above. Indeed, this Court expressed at the April 7, 2022 preliminary conference that an interim stay of discovery would be permitted pending resolution of Defendant's respective motions to stay. Therefore, this Court should grant an interim stay of discovery pending determination of the within motion.

<u><b>CONCLUSION</b></u>

For the foregoing reasons, Defendant respectfully requests an order (i) granting a stay of all discovery proceedings in this matter until this Court issues a ruling on Defendant's pending Motion to Dismiss; (ii) granting an interim stay of all discovery proceedings in this matter until this Court issues a ruling on the instant motion; and (iii) for all other relief that the Court deems equitable and proper.

Dated: May 12, 2022            Respectfully submitted,
      New York, New York

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
      -and-
112 West 34th St, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

*Attorneys for Defendant, Donald J. Trump,*
*former President of the United States*