UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.: 21-cv-10774 (LJL)(GWG)
MICHAEL D. COHEN,

                                        Plaintiff,

      -against-

UNITED STATES OF AMERICA,
DONALD J. TRUMP, former President of
the United States, WILLIAM BARR, former
Attorney General of the United States, MICHAEL
CARVAJAL, Director of the Bureau of Prisons,
JON GUSTIN, Administrator of the Residential
Reentry Management Branch of the Bureau of Prisons,
PATRICK McFARLAND, Residential Reentry
Manager of the Federal Bureau of Prisons,
JAMES PETRUCCI, Warden of FCI Otisville,
ENID FEBUS, Supervisory Probation Officer
of the United States Probation and Pretrial Services
ADAM PAKULA, Probation Officer of the
United States Probation and Pretrial Services,
and JOHN and JANE DOE (1-10) agents, servants,
and employees of the United States,
                                        Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT DONALD J. TRUMP**

                                        **LAW OFFICE OF**
                                        **ANDREW C. LAUFER, PLLC**

                                        By: Andrew C. Laufer, Esq.
                                        Attorney for Plaintiffs
                                        Office & P.O. Address
                                        264 West 40th Street, Suite 604
                                        New York, New York 10018
                                        (212) 422-1020

                                        **LAW OFFICES OF**
                                        **JEFFREY K. LEVINE**

_/s/ Jeffrey K. Levine_

By: Jeffrey K. Levine, Esq.
Attorney for Plaintiff
MICHAEL D. COHEN
340 West 57th Street, Suite 11E
New York, NY 10019
JL@NYadvocate.com
(212) 721-9600

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………….ii

INTITIAL STATEMENT………..…………………………………………………………...1

ARGUMENT………………..………………………………………………………………..2

    A.    DEFENDANT TRUMP SHOULD BE COMPELLED TO
          SUPPLEMENT HIS RULE 26(a) DISCLOSURE ……………………..2

    B.    DEFENDANT TRUMP'S REQUEST FOR A STAY OF
          DISCOVERY SHOULD BE DENIED …………………………………...4

CONCLUSION …....……………….....……………………………………………..8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                             **Pages(s)**

Richie Risk-Linked StrategiesTrading (Ireland), Ltd v. Coventry First LLC,
280 F.R.D. 147 (2012) ……………………..……………………………………..…..2

Residential Funding Corp. V. DeGeorge Financial Corp,
306 F.3d 99, 107 (2d Cir.2002) ……………………………………..……………….2

Cielo Creations, Inc. v. Goa Da Trading Co., Ltd.,
No. 04 Civ.1952, 2004 WL 1460372, at *2 (S.D.N.Y.June 28, 2004) ………........2

RBS Holdings, Inc. v. Gordon and Ferguson, Inc.,
2007 WL 1610211 (2007) ……………………………………………………………..3

Nixon v. Fitzgerald,
457 U.S. 731 (1982) ..……………………………………………………………..…..4

E. Jean Carroll v. Donald J. Trump,
20-cv-7311 (LAK) ……………………………………………………………………..4

Mack v. Yost,
968 F.3d 311 (2020) ……………………………………………………………………6

Noonan v. Kane,
305 F.Supp.3d 587 (2018) …………………………………………………………...6

Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,
297 F.R.D. 69, 72 (S.D.N.Y. 2013) ..…………………………………………………7

Moran v. Flaherty,
No. 92 Civ. 3200 (PKL), 1992 WL 276913 at *1 (S.D.N.Y. Sept.25, 1992) ..……..7

Mirra v. Jordan,
No. 15 Civ, 4100 (AT) ) (KNF) WL 889559, at *2(S.D.N.Y. Mar. 1, 2016 ………7

Integrated Sys. & Power, Inc v. Honeywell Int'l Inc.,
No. 9 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ……...7

Shulman v. Becker & Poliakoff, LLP,
No. 17 Civ.9330 (VM)(JLC), 2018 WL 4938808, at *2(S.D.N.Y.Oct. 11, 2018)...7

Rep. of Turkey v. Christie's, Inc.,
316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)………..…………………………….....7

Guiffre v. Maxwell,
No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20,2016)…......8

Krischner v JP Morgan Chase,et al.,
2020 WL 230183 …………………………………………………………..........8

## Statutes

Fed.R.Civ.P.  26(a)(1)(A)(ii) ……………………………………………....…..2

Fed.R.Civ.P. 26(a)(1)(E) …………………………………………….…………..2

Fed.R.Civ,P. 37 ………………………………………………………………....2

Fed.R.Civ.P. 37(d) …………………………………………………………...…..3

## Articles

Nat'l Rev art. of 9/4/2017,
James Madison's Lesson on Free Speech – by Jay Cost ………………………….5

Plaintiff MICHAEL D. COHEN, by his attorneys, respectfully submits this memorandum of law in support of Plaintiff's: (i) cross-motion compelling Defendant, Donald J. Trump, to supplement and properly respond to his Rule 26(a) obligatory disclosures; (ii) in-opposition to Defendant Trump's motion for a stay of discovery; (iii) and for other such relief as the Court deems just and reasonable.

## I. <u>INITIAL STATEMENT</u>

On April 18, 2022, defendant Donald J. Trump did serve a Rule 26(a) response upon Plaintiff (See Exhibit A of Plaintiff's Declaration.). Specifically, Defendant Trump responded under (ii) that the following documents are in his possession and control and may be used to support one or more of his defenses "Executive Office of the President policy and procedure documents regarding the scope of presidential duties."

Defendant did not append any documents to his response, enumerate which so-called "policy and procedure(s)" the former president is relying upon, or designate where they are located.

This response is wholly inadequate as Plaintiff will demonstrate.

Further, Defendant Trump moves for a blanket stay of discovery during the pendency of his motion to dismiss with the intent of unduly delaying resolution of this matter. Plaintiff respectfully requests the Court compel defendant Trump to supplement his Rule 26(a) disclosure, deny Defendant's motion for a stay, and compel the parties to continue with discovery during the pendency of defendant's motion to dismiss.

## II. ARGUMENT

### A. DEFENDANT TRUMP SHOULD BE COMPELLED TO SUPPLEMENT HIS RULE 26(a) DISCLOSURE

"Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must provide to the other parties "a copy—or description by category and location—of all documents, electrically stored information, and tangible things that the disclosing party ... may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(ii). "A party is not excused from making its disclosures because it has not fully investigated the case." Fed.R.Civ.P. 26(a)(1)(E). See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147 (2012).

As demonstrated, Defendant Trump has offered an inadequate Rule 26(a)(ii) response. He has not appended any documents to the response, specifically delineate which policies or procedures he is relying upon, or inform Plaintiff where or if these supposed documents and procedures exist.

The Court has further held that " Fed.R.Civ.P. 37 grants to a court broad discretionary authority to impose a sanction(s) upon a party to a litigation that has failed to meet its discovery obligations. See Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 107 (2d Cir.2002).

"Federal Rule of Civil Procedure 37 provides for the imposition of sanctions, including attorney's fees and costs, for certain discovery abuses." Cielo Creations, Inc. v. Goa Da Trading Co., Ltd., No. 04 Civ.1952, 2004 WL 1460372, at *2 (S.D.N.Y. June 28, 2004). "Failing to respond to an adversary's discovery demands timely, and thereby delaying, unnecessarily, the forward progression of the litigation, is among the 'abuses' for which a sanction may be imposed

2

pursuant to Fed.R.Civ.P. 37(d). In the case at bar, the Court finds that the defendant's failure to comply with its discovery obligations timely, warrants a sanction." See RBS Holdings, Inc. v. Gordon and Ferugson, Inc. 2007 WL 1610211 (2007).

Given Defendant Trump's long history of disobeying Court orders and unduly delaying litigation against him, Plaintiff respectfully requests the Court compel Defendant Trump to supplement his Rule 26(a) response. On April 7, 2022, we argued before Your Honor the prejudice that could likely result from delaying discovery and spoliation. The very next day those arguments were supplemented in writing to Your Honor {ECF 46} because "Breaking News" was widely reported by numerous media outlets at or around the same time we were arguing prejudice before Your Honor. Noteworthy was that defense counsel responded in writing {ECF 47} to said supplement calling the motion for contempt against Defendant Trump by the NYS Attorney General "meritless", and the supplemental letter {ECF 46} written to Your Honor "unfounded" and "baseless."[1]

Most recently, regarding Defendant Trump's dilatory conduct, the Court in E. Jean Carroll v. Trump, 20-CV-7311 (LAK), 18 (S.D.N.Y. Mar. 10, 2022) "(a)s plaintiff contends, defendant's actions have been dilatory throughout the litigation. As she aptly puts it, he 'has slow-rolled his defenses, asserting or inventing a new one each time his prior effort to delay the case fails.'"

---

[1] Defendant Trump was most recently held in contempt of Court before the Honorable Arthur F. Engoron for his failure to fully respond to the subpoena from the (New York) attorney general, Letitia James — who sought records from the former president about his family business — and assessed a fine of $10,000 per day until he satisfied the court's requirements. https://www.nytimes.com/2022/04/25/nyregion/trump-investigation-letitia-james-contempt.html

## B.     DEFENDANT TRUMP'S REQUEST FOR A STAY OF DISCOVERY SHOULD BE DENIED

### i. Defendant's Erroneous Basis for a Stay of Discovery

The crux of Defendant Trump's motion for a stay of discovery is his purported use of the Doctrine of Absolute Immunity.

Presidential immunity applies where the President's actions are "predicated on his official acts as functionally mandated incident of his unique office…" See Nixon v. Fitzgerald 457 U.S. 731 (1982).

However, Defendant Trump is not being sued in his official capacity. Nor do the allegations made against him, retaliation against the Plaintiff for the lawful exercise of his First Amendment rights by unlawfully imprisoning him (See Order of the Honorable Alvin K. Hellerstein as Exhibit B of Plaintiff's declaration), fall remotely within "the outer perimeter" of his official powers.

Similarly, in E. Jean Carroll v. Donald J. Trump, 20-cv-7311 (LAK), the Court stated the former President's comments while in office were not in furtherance of his official powers. Specifically, the Court held "(n)o one even arguably directed or controlled President Trump when he commented on the plaintiff's accusations, which had nothing to do with the official business of government, that he raped her decades before he took office."

Nor, as here, is the official business of a President or our government to retaliate against a perceived enemy for the lawful exercise of his First Amendment Right to Free Speech by ordering his imprisonment.

If the former President was a monarch, his absolute rule purportedly derived from a higher power, then perhaps this would present a viable argument. He is not. Our nation fought two wars to cease being subject to such tyrannical rule. Therefore, allowing such action by Defendant Trump to stand would serve to undermine a founding principle of our Republic. Our Founding Fathers felt the same.

James Madison believed that Freedom of Speech was paramount for successful governance. Specifically, he stated that "(t)he people shall not be deprived or abridged of their right to speak, to write, or to publish their sentiments;" James Madison, June 8th, 1789.

"In Madison's view, a free republic depends ultimately upon public opinion. A Constitution could divide power this way and that, but in the end it is the people, and only the people, who rule. And for the people to rule wisely, they have to be able to communicate with one another — freely, without fear of reprisal. Thus, freedom of speech and press were not, for Madison, merely God-given rights. They were preconditions for self-government." See Nat'l Rev art. of 9/4/2017 – James Madison's Lessons on Free Speech – by Jay Cost.

Hence, the former President's actions to specifically retaliate against Plaintiff by unlawfully remanding him to prison for the lawful exercise of his First Amendment right of Freedom of Speech cannot go unanswered or unaddressed.

### ii. The Former President is Not Entitled to Absolute Immunity

While the President may be afforded absolute immunity in the exercise of his official duties, unlawfully imprisoning a critic does not fall within its ambit. See Nixon, id.

Under Article II, Section 3 of the Constitution, the President, among other powers, is charged with the duty to ". . . take Care that the Laws be faithfully executed . . ." Retaliating against a perceived enemy is not in furtherance of this duty. In fact, it's an abuse of power faithlessly executed for personal gain and not for the benefit of the United States.

Similarly, under the Doctrine of Qualified Immunity, Courts have refused to extend qualified immunity protections in actions where Plaintiffs have been retaliated against for the lawful exercise of their First Amendment rights.

In the Third Circuit, the Court held ". . . that the prison officials were not entitled to qualified immunity as to this claim because it was clearly established that inmates have a right to be free from retaliation for exercising their First Amendment rights. Id. at 300. Accordingly, we remanded to the District Court and the parties proceeded to discovery." id. at 301. Mack v. Yost 968 F.3d 311 (2020).

In Noonan v. Kane, 305 F.Supp.3d 587 (2018) the Court held that a "State's Attorney General was not entitled to qualified immunity for her alleged conduct in directing her subordinates to threaten former employees that Attorney General would release their private emails to the press, directing subordinates to the press about alleged investigatory misconduct by former employees, and directing subordinates to threaten and physically intimidate them while employees were on their way to testify against Attorney General before grand jury, in former employees' §1983 First Amendment claim, in connection with former employees' alleged revealing of Attorney General's conflict of interest in bribery investigation of state legislators; it was clearly established that such alleged conduct by Attorney General crossed the line from

conduct protected by the First Amendment to unprotected coercion and threats of harm." U.S. Const. Amend. 1; 42 U.S.C.A. § 1983.

### iii. Pending Motion to Dismiss Should Not Stay Discovery

Courts regularly hold that a motion to dismiss does not automatically stay discovery. "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Courts do not routinely stay discovery "simply on the basis that a motion to dismiss has been filed." Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); Mirra v. Jordan, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted). On a showing of good cause, a district court "has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc., No. 9 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Shulman v. Becker & Poliakoff, LLP, No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018); Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); In re: Platinum & Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010).

Courts look to three factors in determining whether good cause exists to stay discovery pending a motion to dismiss: "(1) whether a defendant has made a strong showing that the

plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Guiffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). See also Krischner v. JP Morgan Chase, et al 2020 WL 230183.

In the present instance, Defendant has failed to demonstrate plaintiff's claims are unmeritorious. In fact, Plaintiff has demonstrated otherwise. Defendant Trump used the power of his office to settle a personal vendetta against his former counsel for the lawful exercise of his First Amendment rights by having him thrown into prison.

Defendant also failed to demonstrate factually how a continuation of discovery during the pendency of their motion to dismiss would be unduly burdensome; and failed to *prima facie* establish the third criteria — that prejudicial concerns argued by Plaintiff on April 7th and 8th were without merit, the Court should cast aside delays by Defendant Trump spanning approximately half-century, and spoliation should not be given any weight and something this Honorable Court should not take seriously, be weary of and learn from.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court (i) grant his motion compelling Defendant, Donald J. Trump, to supplement and properly respond to his Rule 26(a) obligatory disclosures; (ii) deny the motion by defendant Trump for a stay of discovery; (iii) and for other such relief as the Court deems just and reasonable.

Dated: New York, New York
May 17, 2022

Respectfully submitted,

**LAW OFFICE OF**
**ANDREW C. LAUFER, PLLC**

_____
By: Andrew C. Laufer, Esq.
Attorney for Plaintiffs
Office & P.O. Address
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020

**LAW OFFICES OF**
**JEFFREY K. LEVINE**

_____
By: Jeffrey K. Levine, Esq.
Attorney for Plaintiff
MICHAEL D. COHEN
340 West 57th Street, Suite 11E
New York, NY 10019
JL@NYadvocate.com
(212) 721-9600