UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL D. COHEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, former President of the United States, WILLIAM BARR, former Attorney General of the United States, MICHAEL CARVAJAL, Director of the Bureau of Prisons, JON GUSTIN, Administrator of the Residential Reentry Management Branch of the Bureau of Prisons, PATRICK McFARLAND, Residential Reentry Manager of the Federal Bureau of Prisons, JAMES PETRUCCI, Warden of FCI Otisville, ENID FEBUS, Supervisory Probation Officer of the United States Probation and Pretrial Services ADAM PAKULA, Probation Officer of the United States Probation and Pretrial Services, and JOHN and JANE DOE (1-10) agents, servants, and employees of the United States,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-10774 (SRU) |

**DEFENDANT DONALD J. TRUMP'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STAY AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO COMPEL**

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES, LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
　　　　-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Phone: (908) 869-1188
Fax: (908)-450-1881
Email: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump, former President of the United States*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ...............................................................................................................1

ARGUMENT.......................................................................................................................2

   I.   THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL AS DEFENDANT PROVIDED A SATISFACTORY RULE 26(a) DISCLOSURE ...............2

   II.   PLAINTIFF HAS ADEQUATELY ESTABLISHED THAT A STAY OF DISCOVERY IS WARRANTED IN THE INSTANT MATTER .................................................................5

CONCLUSION....................................................................................................................8

## **TABLE OF AUTHORITIES**

*Cases* *Page(s)*

*AIG Glob. Asset Mgmt. Holdings Corp. v. Branch*,
    2005 U.S. Dist. LEXIS 2728, at *5 (S.D.N.Y. Feb. 18, 2005) ............................................. 3

*Brown v. Lian*,
    No. 10CV396A, 2011 U.S. Dist. LEXIS 111547, 2011 WL 4551474 at *3 (W.D.N.Y. Sept.
    29, 2011) ........................................................................................................................... 3

*Chastain v. Sundquist*,
    833 F.2d 311, 315 (D.C. Cir. 1987) ................................................................................... 5

*Clinton v. Jones*,
    520 U.S. 681, 696 (1997) ............................................................................................... 5, 7

*Jackson v. Metropolitan Edison Co.*,
    419 U.S. 345, 349 (1974) ................................................................................................... 7

*Klayman v. Obama*,
    125 F.Supp.3d 67, 86 (D.D.C. 2015) ................................................................................. 7

*Lambert v. Chase Manhattan Bank*,
    1996 WL 252374 (S.D.N.Y. 1996) .................................................................................... 4

*Nixon v. Fitzgerald*,
    457 U.S. 731 (1982) .................................................................................................. 5, 6, 7

*Pierson v. Ray*,
    386 U.S. 547, 554 (1967) ................................................................................................... 5

*Screws v. United States*,
    325 U.S. 91, 111 (1945) ..................................................................................................... 7

*Trump v. Vance*,
    140 S. Ct. 2412, 2425 ........................................................................................................ 5

*Window Headquarters v. Mat Basic Four*,
    1996 WL 63046 (S.D.N.Y. 1996) ...................................................................................... 4

*Woodward v. Holtzman*,
    2018 U.S. Dist. LEXIS 179756, 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018) ...... 3

*Rules and Statues*

Civil Practice in the Southern District of New York § 25.4 ......................................................... 4

Fed. R. Civ. P. Rule 26(a)(1) ...................................................................................................2, 3

Fed. R. Civ. P. Rule 37(a)(1) ...................................................................................................3, 4

Local Civil Rule 37.2. ..............................................................................................................3, 4

The defendant, Donald J. Trump ("Defendant"), submits this memorandum of law in further support of Defendant's motion to stay discovery (the "Motion") and in opposition to the cross-motion to compel (the "Cross-Motion") filed by the plaintiff, Michael D. Cohen ("Plaintiff").

## INTRODUCTION

Defendant fully complied with his discovery obligations under Rule 26(a) by timely serving his initial disclosures, which identified with the requisite particularity the documents he intends to rely upon in support of his relevant defenses. For this reason alone, Plaintiff's Cross-Motion must be denied.

Further, upon closer inspection of Plaintiff's motion papers, it is plainly apparent that the Cross-Motion lacks any merit whatsoever and is merely the latest in a long line of attempts by Plaintiff to publicly lambaste Defendant with false and inflammatory statements. Not only are Plaintiff's legal arguments rife with mischaracterizations of fact and law, but Plaintiff fails to even attempt to articulate how Defendant's initial disclosures are inadequate under Rule 26. Rather, to obscure the fact that his arguments are utterly devoid of merit, Plaintiff merely resorts to launching an unfounded personal attack against Defendant by mischaracterizing prior actions that have no relation to the instant matter. In relying so heavily on this disingenuous and specious argument – which is improper, prejudicial, and entirely irrelevant to this procedural motion – it is clear that the Cross-Motion was made in bad faith.

Moreover, Plaintiff's attempts to argue that presidential immunity is not warranted in this matter as he is not being sued in his official capacity. However, even a cursory review of the Complaint quickly proves otherwise. Plaintiff both chose to attribute Defendant's title as "Former President of the United States" in the caption, and the Complaint itself is replete with allegations that Defendant was acting within his official capacity. Therefore, as more fully explained below and

in Defendant's Motion to Dismiss, Defendant is entitled to absolute immunity in this matter as the allegations fall well within the scope of his duties as President. Even more telling, Plaintiff fails to offer any argument whatsoever in response to Defendant's argument that the Complaint fails to state a cognizable cause of action against Defendant. As such, the instant motion should be summarily dismissed.

## ARGUMENT

### I. THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL AS DEFENDANT PROVIDED A SATISFACTORY RULE 26(a) DISCLOSURE

In his motion papers, Plaintiff fails to explain how Defendant's Rule 26(a) disclosures are deficient in any way. Instead, Plaintiff forgoes this argument altogether and merely asserts unwarranted, unfounded and inaccurate statements about Defendant's prior history by mischaracterizing prior forth a bald recitation of Rule 26 and points to Defendant's that have no relation to the case at bar.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must provide to the other parties "a copy—*or description by category and location*—of all documents, electrically stored information, and tangible things that the disclosing party . . . may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii) (*emphasis added*). Defendant fully complied with this requirement by providing a description of the documents Defendant intends to rely upon in relation to his presidential immunity defense. Specifically, Defendant provided a description of the category and location of documents, which was described as the "Executive Office of the President policy and procedure documents regarding the scope of the presidential duties." *See* Declaration of Andrew C. Laufer, Exhibit A.

Plaintiff fails to even put forth any argument as to how Defendant's initial disclosures purportedly fail to comport with the requirements of Rule 26. Instead, he disingenuously claims that

2

"[Defendant] has not appended any documents to the response, specifically delineate which policies or procedures he is relying upon or inform Plaintiff where or if these supposed documents and procedures exist." *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery from Defendant Donald J. Trump ("Pltf's Memo") at 2. Contrary to Plaintiff's assertion, a party is not required to produce each and every document it intends to rely upon during the course of litigation. *See AIG Glob. Asset Mgmt. Holdings Corp. v. Branch,* 2005 U.S. Dist. LEXIS 2728, at *5 (S.D.N.Y. Feb. 18, 2005) (finding that Rule 26(a) does not require a party to produce documents with its initial disclosures). Defendant's description of the procedures and policies that govern the scope of presidential duties within the Executive Office of the President—which he is relying upon in support of his presidential immunity defense—is a wholly sufficient response.

In addition, Plaintiff's motion is procedurally defective as he failed to abide by either Rule 37's meet-and-confer requirements or Local Rule 37.2's informal conference requirement. Before making a motion to compel discovery, Rule 37(a)(a) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Rule 37(a)(1)'s primary purpose is "to avoid, wherever feasible, unnecessary litigation of discovery disputes." *Woodward v. Holtzman*, 2018 U.S. Dist. LEXIS 179756, 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018*). See also, Brown v. Lian*, No. 10CV396A, 2011 U.S. Dist. LEXIS 111547, 2011 WL 4551474 at *3 (W.D.N.Y. Sept. 29, 2011) (pro se plaintiff's representation that he "tried unsuccessfully through '[numerous] writings'" to obtain discovery insufficient to comply with Fed.R.Civ.P. 37(a)(1)'s meet and confer requirement).

Local Rule 37.2 similarly provides as follows:

> "No motion under Rules 26 through 37 inclusive of the Federal Rules
> of Civil Procedure shall be heard unless counsel for the moving party

3

> has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference."

Local Civil Rule 37.2.

Here, Plaintiff never made a good faith effort to confer with the Defendant prior to the filing of this motion, in direct violation Rule 37(a)(1). Plaintiff's counsel reached out to Defendant's counsel on May 3, 2022, advising that he found Defendant's Rule 26 disclosures to be "insufficient" and demanding Defendant produce certain documents within seven (7) days of his correspondence. *See* Declaration of Michael T. Madaio, Exhibit A. In response, Defendant's counsel stated that he disagreed with Plaintiff counsel's contention but offered to have a conference call to confer on the issue. After numerous emails attempting to schedule a phone call, Plaintiff's counsel failed to make any attempt to contact Defendant's counsel at any of the mutually agreeable times. Instead of making a genuine attempt to resolve this matter without judicial intervention, Plaintiff's counsel filed the instant motion. Further, Plaintiff also failed to request by letter to the Court an informal conference regarding this discovery dispute in compliance with Local Civil Rule 37.2.

Plaintiff's failure to abide by well-established court rules further demonstrates that the Cross-Motion was filed in bad faith and with the intent to harass Defendant. Plaintiff must not be permitted to flout proper discovery and motion practice. Indeed, in the Southern District, "[f]ailure to comply with [the meet and confer rule] may result in denial of the motion and sanctions." Civil Practice in the Southern District of New York § 25.4 (*citing Window Headquarters v. Mat Basic Four*, 1996 WL 63046 (S.D.N.Y. 1996); *Lambert v. Chase Manhattan Bank*, 1996 WL 252374 (S.D.N.Y. 1996)). Because Plaintiff blatantly violated the Federal Rules and the Local Rules, his motion to compel should be denied.

4

## II. DEFENDANT HAS ADEQUATELY ESTABLISHED THAT A STAY OF DISCOVERY IS WARRANTED IN THE INSTANT MATTER.

Notwithstanding the blatant procedural and substantive deficiencies of the Cross-Motion, Plaintiff also fails to raise any legitimate counterargument as to why absolute immunity does not apply in the instant matter. First, Plaintiff has made it abundantly clear that he is suing Defendant in his official capacity. Second, Plaintiff's contention that absolute immunity cannot be applied in this case due to the purported "bad faith" of Defendant's conduct fails as a matter of law. Lastly, even if this Court found that Defendant was not acting within the scope of his duties during the relevant period, Plaintiff's claims would still fail because they would no longer be actionable under *Bivens*.

Although discussed at length in Defendant's previous motion to dismiss, the Supreme Court has established that, in determining whether a President should be afforded absolute immunity, the relevant inquiry is whether the liability in a civil lawsuit is "predicated on [the President's] official acts." *Nixon v. Fitzgerald*, 457 U.S. 731 (1982). *See also*, *Clinton v. Jones*, 520 U.S. 681, 694 (1997) (absolute immunity is "a functionally mandated incident of the President's unique office, rooted in the constitutional tradition of the separation of powers and supported by our history."); *See also, Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that immunity serves the public interest in preserving the independence and decisiveness necessary of government officials); *Trump v. Vance*, 140 S. Ct. 2412, 2425 (noting that the President's duties "are of unrivaled gravity and breadth."). Specifically, the "sphere of protected action" for a President interpreted broadly and extends to conduct within the "outer perimeter of his official responsibilities." *Nixon,* 457 U.S. at 756; *see also Chastain v. Sundquist*, 833 F.2d 311, 315 (D.C. Cir. 1987) (holding that presidential immunity "is absolute . . . subject only to the requirement that [his] actions fall within the outer perimeter of [his] official duties").

Confoundingly, in straining to argue that absolute immunity does not apply, Plaintiff claims that he is not suing the Defendant in his official capacity as President. Yet, in doing so, Plaintiff contradicts the contents of his own Complaint. Among other things, Defendant is identified in the caption of the Complaint as "DONALD J. TRUMP, *former President of the United States*." Compl. at 1 (emphasis added); Plaintiff expressly pleads that Defendant "at all relevant times . . . acted within the scope of his employment and under the color of law," Compl. ¶ 47.; Plaintiff states that "[a]t all relevant times herein, defendant Donald J. Trump was President of the United States . . . was head of the Executive Branch of the Federal Government . . . [and] was responsible for the oversight and enforcement of the laws of the United States," *Id.* ¶ 37; and Plaintiff claims that "[t]he conduct of all defendants was accomplished under color of law," *Id.* ¶ 142.  Further, the actions that Plaintiff alleges that Defendant took—issuing "specific directives and guidance" to his subordinates at the Bureau of Prisons concerning the handling of Plaintiff's incarceration and potential furlough—fall squarely within his official duties as President.

Indeed, Plaintiff's complaint relies upon the premise that Defendant "issued specific directives and guidance to his co-defendants" concerning the handling of Plaintiff's incarceration and potential furlough. *Id.* ¶ 37. The co-defendants in this matter entirely consist of current and/or former federal employees of the Department of Justice (DOJ) and the Federal Bureau of Prisons (FBOP), both of which are duly organized under the Executive Branch. Defendant's authority to control or otherwise direct the co-defendants in this matter stem from the authority he wielded as President. *Nixon*, 457 U.S. 731 at 750 (noting that Art. II, § 1 "establishes the President as the chief constitutional officer of the Executive Branch, entrusted with supervisory and policy responsibilities of utmost discretion and sensitivity."). Therefore, under Plaintiff's own theory of liability, any

6

directives and/or guidance provided by Defendant during the relevant period would have squarely fallen within the scope of his official duties as President.

Even if this Court accepts Plaintiff's contention that he is suing Defendant in an unofficial capacity, Plaintiff's Complaint still merits dismissal because his *Bivens* claim would no longer be actionable. The alleged conduct would have been strictly private in nature and therefore would not fall under *Bivens*. *See Screws v. United States*, 325 U.S. 91, 111 (1945) (noting that "acts of officers in the ambit of their personal pursuits" do not qualify as acts committed "under the color of law."); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974) (finding that purely private conduct causing constitutional deprivations is non-actionable under 2 U.S.C. § 1983

Plaintiff's contention that Defendant's purported conduct "cannot go unanswered or unaddressed" and therefore is not covered under the doctrine of absolute immunity directly fails on its face. If that were the case, the "outer perimeter" of the President's "official responsibility," would be reduced to nothing if a plaintiff, by merely reciting that official acts are unlawful, could have them treated by the courts as "unofficial conduct." *Nixon*, 457 U.S. at 756. Indeed, "immunities are grounded in 'the nature of the function performed,'" rather than in the lawful or unlawful motivations of the person performing them. *Clinton*, 520 U.S. at 693. Presidential immunity is "not overcome by 'allegations of bad faith or malice.'" *Klayman v. Obama*, 125 F.Supp.3d 67, 86 (D.D.C. 2015) (quoting *Barret v. Harrington*, 130 F.3d 246, 254-55 (6th Cir. 1997)). Despite Plaintiff's best effort to argue otherwise, an inquiry into the subjective motive or intent underlying the alleged conduct is prohibited. *See Nixon*, 457 U.S. at 756 ("[A]n inquiry into the President's motives could not be avoided under the kind of 'functional' theory asserted both by respondent and the dissent. Inquiries of this kind could be highly intrusive.").

7

It is particularly telling that Plaintiff failed to provide even a meager opposition to Plaintiff's Motion to dismiss for his failure to state a claim. As discussed extensively in Defendant's previous motion to dismiss, Plaintiff's allegations against Defendant are solely based upon the premise that he "issued specific directives and guidance to his co-defendants that governed the treatment of [P]laintiff" and that "at [Defendant's] direction, [P]laintiff was remanded back to prison and subject to great indignities when he was unlawfully incarcerated and held in solitary confinement." Compl. ¶ 36. This allegation is impermissibly vague and conclusory and lacks any relevant factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Broad allegations of conspiracy are insufficient; the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety and grant Defendant's Motion to Stay Discovery.

Respectfully submitted,

Dated: May 25, 2022
New York, New York

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES, LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
 -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Phone: (908) 869-1188
Fax: (908) 450-1881
Email: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump, former President of the United States*