```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MICHAEL D. COHEN,                                                      :
                                                                       :
                         Plaintiff,                                    :
                                                                       :          21-cv-10774 (LJL)
         -v-                                                           :
                                                                       :         MEMORANDUM AND
UNITED STATES OF AMERICA, et al.                                       :              ORDER
                                                                       :
                         Defendants.                                   :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/16/2022

LEWIS J. LIMAN, United States District Judge:

Defendants move for an order to stay discovery until after the Court's decision on the pending motions to dismiss the complaint. Dkt. Nos. 51, 56. Plaintiff moves for an order compelling defendant Donald J. Trump ("Trump") to produce discovery. Dkt. No. 53.

Courts have "discretion under Rule 26(c) to stay discovery pending decision on a motion to dismiss if the moving party demonstrates good cause." *Golightly v. Uber Technologies, Inc.*, 2021 WL 3539146, at *2 (S.D.N.Y. Aug. 11, 2021). Save for cases filed under the Private Securities Litigation Reform Act, the filing of a motion to dismiss is not sufficient alone to trigger the right to a stay. Rather, "[c]ourts consider (1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (internal quotation marks omitted) (quoting *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). The court need not make the ultimate and final determination that the defendant will succeed on the motion to dismiss. It is sufficient that the defendant's motion "presents 'substantial grounds for dismissal,' or . . . [the] Defendant has made a 'strong

showing that [it] is likely to succeed on the merits.'" *Cambridge Capital*, 2021 WL 2413320, at *1 (quoting *Hong Leong*, 297 F.R.D. at 72).

Defendants have satisfied their burden. Plaintiffs have served broad-ranging and extensive discovery requests on Defendants. The interrogatories would require each Defendant to answer eleven questions, including to identify all witnesses and persons who have personal knowledge of the numerous facts that are alleged in the complaint; one of the interrogatories has twenty-three subparts. Dkt. No. 57-2. Plaintiff has served forty-three different document requests, including requests for documents in written or electronic form, falling into nineteen different categories. *Id.* Plaintiff also has served requests for admission. The suit is for money damages and the motion to dismiss will be fully submitted shortly. "[T]here is no reason to believe that Plaintiff[] would suffer prejudice for the short period of time the Court expects will be necessary to . . . rule on the motion." *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022).

Plaintiff argues that there is a risk of spoliation of evidence by Trump. Trump states that he has honored and will continue to honor his preservation obligation. Dkt. No. 52 at 7. In any event, the Court has taken some measures to address that risk by authorizing the service of discovery; as Trump acknowledges, he has an obligation to preserve at least those documents that are called for by the document request. If it turns out that any defendant has destroyed documents relevant to the case or called for by the request, Plaintiff may well be entitled to relief if the case goes forward. But the assertion that evidence may be destroyed is not sufficient justification for permitting discovery to go forward now, before the complaint has been tested by the motion to dismiss. If any defendant intended to destroy evidence that it still possesses to prevent its production in discovery, there is no reason to believe that it will be any less likely to

2

do so if the Court requires production now as opposed to if the Court waits until after the motion to dismiss is decided.

As to the third factor, the pending motions are directed to the complaint in its entirety, make substantial arguments that the *Bivens* action Plaintiff asserts is not available to him, *see Egbert v. Boule*, No. 21-147 (U.S. June 8, 2022) (holding that *Bivens* actions are not available for First Amendment retaliation claims), and present substantial arguments for absolute and qualified immunity.  Examining the three factors together, Defendants have shown good cause for a stay.[1]

Finally, Plaintiff's motion to compel is without merit.  In response to the Court's order requiring the parties to serve initial disclosures pursuant to Rule 26(a)(1)(A), Trump asserted that he was unable to identify any individuals with discoverable information that he might use to support his defenses and listed a single category of documents he might use to support his defenses: "Executive Office of the President policy and procedure documents regarding the scope of presidential duties."  Dkt. No. 55-1.  Plaintiff complains that Trump has not identified the specific policy and procedure documents upon which he intends to rely.  However, Rule 26(a)(1)(A)(ii) requires a party only to describe the documents by category which it might use to support its defenses; it is not required to list each document separately.  If the case goes forward, and absent any supplementation of his initial disclosures, Trump might be limited to a defense that relies solely upon the scope of his presidential duties.  But on the current record, the Court cannot say he has violated his duties under the Federal Rules of Civil Procedure.

---

[1] Plaintiff argues that his requests for admission do not constitute a discovery device and therefore should not be stayed.  Dkt. No. 63 at 4.  Even if for some purposes requests for admission can be described as something other than a discovery device, such requests are treated as a form of discovery both under the Federal Rules of Civil Procedure, Fed. R. Civ P. Title V, and the Local Rules, see Local Civil Rule 5.1, and are subject to a Rule 26 stay of discovery.

The motion to compel a response to discovery is DENIED. The motions for a stay of discovery pending a decision on the motions to dismiss are GRANTED. The Court will set a discovery schedule if the complaint survives the motions in whole or in part.

The Clerk of Court is respectfully directed to close Dkt. Nos. 51, 53, 56.

SO ORDERED.

Dated: June 16, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge